# EXHIBIT B

# COMPLAINT TO

# TRANS UNION, LLC

STATE OF MICHIGAN
IN THE 1st DISTRICT COURT

MARY GREINER,
    Plaintiff,
v.

TRANS UNION, LLC,
a Delaware liability company, and
PORTFOLIO RECOVERY ASSOCIATES, LLC,
a foreign limited liability company,
    Defendants.
_____/
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
CARL SCWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES THE PLAINTIFF, MARY GREINER, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN, and for her Complaint against the Defendants, pleads as follows:

### VENUE

1. The transactions and occurrences which give rise to this action occurred in Monroe, Monroe County, Michigan.

2. Venue is proper in 1st District Court in Monroe County, Michigan as the actions and occurrences recited herein occurred in Monroe, in Monroe County, Michigan.

1

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. The Defendants to this lawsuit are:
   a. Trans Union, LLC ("Trans Union") which is a Delaware limited liability company that maintains a registered agent in Ingham County, Michigan; and
   b. Portfolio Recovery Associates, L.L.C. ("Portfolio Recovery") which is a foreign limited liability company that maintains a registered agent in Richmond, Virginia.

## GENERAL ALLEGATIONS

5. Portfolio Recovery is reporting its trade line with account number 854271**** on Plaintiff's Trans Union credit file with disputed language ("Errant Trade Line").

6. Ms. Greiner no does not dispute the Errant Trade Line and wants the disputed language removed.

7. On or about May 16, 2017, Ms. Greiner obtained her credit files and noticed Portfolio reporting the Errant Trade Line with disputed language.

8. On or about June 27, 2017, Ms. Greiner submitted a letter to Trans Union disputing the Errant Trade Line. In the letter, Ms. Greiner explained that she no longer disputed the Errant Trade Line. Ms. Greiner asked the credit bureaus to remove the disputed language from the Errant Trade Line.

9. Upon information and belief, Trans Union forwarded Ms. Greiner's consumer dispute to the Portfolio Recovery.

2

10. On or about July 27, 2017, Ms. Greiner received Trans Union's investigation results which showed that Trans Union retained the disputed language on the Errant Trade Line.

11. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendant's violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PORTFOLIO RECOVERY

12. Plaintiff realleges the above paragraphs as if recited verbatim.

13. After being informed by Trans Union of Ms. Greiner's consumer dispute to the Errant Trade Line, Portfolio Recovery negligently failed to conduct a proper investigation of Ms. Greiner's dispute as required by 15 USC 1681s-2(b), and failed to direct Trans Union to remove the disputed language from the Errant Trade Line on Ms. Greiner's credit file.

14. Portfolio Recovery negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).

3

15. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Greiner's consumer credit file with Trans Union to which it is reporting such trade line.

16. As a direct and proximate cause of Portfolio Recovery's negligent failure to perform its duties under the FCRA, Ms. Greiner has suffered damages, mental anguish, suffering, humiliation and embarrassment.

17. Portfolio Recovery is liable to Ms. Greiner by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

18. Ms. Greiner has a private right of action to assert claims against Portfolio Recovery arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Portfolio Recovery for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PORTFOLIO RECOVERY

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Trans Union that Ms. Greiner disputed the accuracy of the information it was providing, Portfolio Recovery willfully failed to conduct a proper

4

reinvestigation of Ms. Greiner's dispute, and failed to direct Trans Union to remove the disputed language from the Errant Trade Line on Ms. Greiner's credit file.

21. Portfolio Recovery willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

22. As a direct and proximate cause of Portfolio Recovery's willful failure to perform its respective duties under the FCRA, Ms. Greiner has suffered damages, mental anguish, suffering, humiliation and embarrassment.

23. Portfolio Recovery is liable to Ms. Greiner for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Portfolio Recovery for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Greiner as that term is defined in 15 USC 1681a.

26. Such reports contained information about Ms. Greiner that was false, misleading and inaccurate.

27. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Greiner, in violation of 15 USC 1681e(b).

28. After receiving Ms. Greiner's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

29. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Greiner has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

30. Trans Union is liable to Ms. Greiner by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Trans Union for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Greiner as that term is defined in 15 USC 1681a.

33. Such reports contained information about Ms. Greiner that was false, misleading and inaccurate.

34. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Greiner, in violation of 15 USC 1681e(b).

35. After receiving Ms. Greiner's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Greiner has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

37. Trans Union is liable to Ms. Greiner by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

August 31, 2017

GARY D. NITZKIN (P41155) w/permission
TRAVIS SHACKELFORD (P68710)
CARL SCHWARTZ (P70335)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com

8